UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 6:11-cr-15-GFVT-REW |
| Plaintiff/Respondent, | ) | Civil No. 6:16-cv-90-GFVT-REW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLES WETZEL SKAGGS, II, | ) | **&** |
| | ) | **ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Petitioner Charles Wetzel Skaggs, II's *pro se* petition to vacate or set aside his federal conviction under 28 U.S.C. § 2255. [R. 804; R. 805.] Consistent with local practice, this matter was referred to Magistrate Judge Robert E. Wier, who filed a Recommended Disposition on August 24, 2016, recommending that Mr. Skaggs's motion be denied.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the recommended disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Skaggs filed timely objections to the Recommended Disposition. [R. 826.] These objections appear less concerned with Judge Wier's recommendations and more concerned with restating his previously made arguments. However, as Skaggs is proceeding *pro se*, the Court acknowledges its duty to review his filings under a more lenient standard than the one applied to attorneys. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Pursuant to that standard, the Court finds the objections do trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty and reviewed the entire record, as well as the relevant case law, statutory authority, and applicable procedural rules. After careful review, the Court will adopt the Magistrate's Recommended Disposition and overrule Mr. Skaggs's objections.

I

In 2011, Charles Wetzel Skaggs, II, along with several others, was charged with conspiring to manufacture over five hundred grams of methamphetamine, conspiring to distribute over five hundred grams of methamphetamine, and possessing equipment which may be used to manufacture methamphetamine. [*See* R. 106.] Mr. Skaggs waived his right to a trial by jury on the charges and instead entered a guilty plea to a lesser-included offense of Count 1 and to Count 10 of the superseding indictment. [*See* R. 299; R. 304.] At sentencing, the Court found the Career Offender enhancement set forth in the United States Sentencing Guidelines to apply to Mr. Skaggs because of his prior state criminal convictions. Accordingly, the Court sentenced Mr. Skaggs to a total term of 142 months of imprisonment, to be followed by a five year period of supervised release. [*See* R. 658.]

Mr. Skaggs did not appeal his sentence but, rather, filed the present 28 U.S.C. § 2255 habeas petition on May 25, 2016, requesting relief under *Johnson v. United States*, ___ U.S. ___,

135 S. Ct. 2551 (2015). After careful review, Magistrate Judge Wier found the *Johnson* case inapplicable to Mr. Skaggs's conviction and sentence. Mr. Skaggs objects to Judge Wier's recommendation.

## II

In his objections, Mr. Skaggs reemphasizes his position that *Johnson v. United States* affects his sentence—specifically, Skaggs maintains his prior convictions fall within the residual clause of the United States Sentencing Guidelines Career Offender enhancement and that the Guidelines' residual clause was invalidated by *Johnson*. Mr. Skaggs misunderstands the nature of his prior offenses.

As Judge Wier explained, the Supreme Court in *Johnson* invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). In light of that decision, the Sixth Circuit has found that the identically worded residual clause in the United States Sentencing Guidelines Career Offender enhancement is also invalid. *See United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016). The *Johnson* and *Pawlak* decisions afford Mr. Skaggs no relief, however, because he was not deemed a career offender under the Guidelines' residual clause.

As reflected in the Presentence Investigation Report, Mr. Skaggs has at least three prior state convictions for second degree assault pursuant to KRS § 508.020(1). [*See* R. 823 at 10-12.] The Sixth Circuit has made clear that KRS § 508.020 second degree assault convictions fall within the definition set forth in §4B1.2(a)(1) of the Guidelines Manual, not the (a)(2) residual clause. *See United States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015). The relevant Guidelines provision reads:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. §4B1.2(a). According to the Sixth Circuit, KRS § 508.020 second degree assault convictions have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Collins*, 799 F.3d at 597 (quoting U.S.S.G. §4B1.2(a)(1)). Because Mr. Skaggs was deemed a career offender by virtue of §4B1.2(a)(1), *Johnson* is wholly inapplicable to his case.

At the end of his objections, Mr. Skaggs asks the Court to hold his habeas petition in abeyance pending the Supreme Court's resolution of *Beckles v. United States*, No. 15-8544, on petition for writ of certiorari to the United States Court of Appeals for the Eleventh Circuit. The issues presented in *Beckles* are (1) whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. §4B1.2(a)(2); (2) *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in the commentary to U.S.S.G. §4B1.2, remains a "crime of violence" after *Johnson*. *See* Petition for Writ of Certiorari at i, *Beckles v. United States*, No. 15-8544 (11th Cir. Mar. 9, 2016). The *Beckles* decision will not address U.S.S.G. §4B1.2(a)(1), and thus will have no impact on Mr. Skaggs.

Whether or not to issue a stay is a decision that "ordinarily rests within the sound discretion of the District Court." Ohio *Envtl. Council v. U.S. Dist. Ct., Southern Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). Indeed, every court has the inherent authority to manage its

4

docket and to stay proceedings, or hold them in abeyance, when necessary. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Because Mr. Skaggs's conviction and sentence will be unaffected by the Supreme Court's *Beckles* ruling, the Court finds holding his § 2255 petition in abeyance pending *Beckles* would be futile.

Further, the Court agrees with Magistrate Judge Wier that an evidentiary hearing is not warranted in this case. Mr. Skaggs never addressed that portion of Judge Wier's Recommended Disposition, and Judge Wier's analysis regarding the need—or lack thereof—for an evidentiary hearing in this situation is sound. Finally, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Skaggs's § 2255 petition debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III

Accordingly, and being otherwise sufficiently advised, the Court hereby **ORDERS** that:

1. The Magistrate's Report and Recommendation [R. 821] as to Petitioner Charles Wetzel Skaggs, II, is **ADOPTED** as and for the opinion of the Court;

2. Mr. Skaggs's § 2255 petition [R. 804; R. 805] is **DENIED**;

3. A Certificate of Appealability is **DENIED**; and

4. Judgment in favor of the Respondent will be entered contemporaneously herewith, and Civil No. 6:16-cv-90-GFVT-REW will be **STRICKEN** from the Court's active docket.

This the 21st day of September, 2016.

Gregory F. Van Tatenhove
United States District Judge